MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
ALEXANDER C. EKSTROM
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: CR-13-6070-WFN |
| Plaintiff, | |
| vs. | United States' Notice of Intent to Comply with Criminal Discovery Obligations and Reciprocal Request for Disclosure of Evidence by the Defendant |
| KENNETH ROWELL, | |
| Defendant. | |

Plaintiff, United States of America, by and through, Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Alexander C. Ekstrom, Assistant United States Attorney for the Eastern District of Washington, submit the following Notice of Intent to Comply with Criminal Discovery Obligations and Reciprocal Request for Disclosure of Evidence by the Defendant.

Notice to Comply                            1

## I. INTRODUCTION

On December 10, 2013, the Defendant was indicted and charged with Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). On December 11, 2013, the Defendant was arraigned. On December 11, 2013 the Court issued an Order Regarding Discovery and Pretrial Motions (ECF 20). In addition, the United States intends to work with defense counsel on any discovery-related issues that might arise during the course of litigation.

## II. INTENT TO COMPLY WITH CRIMINAL DISCOVERY OBLIGATIONS

The United States is mindful of its criminal discovery obligations under Federal Rule of Criminal Procedure 16, local court rules, the *Jencks* Act (18 U.S.C. § 3500) and the independent obligations applied by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and intends to fully comply with those obligations. The United States is also mindful of its obligation to protect victims and witnesses from retaliation or intimidation and to safeguard ongoing criminal investigations.

In accordance with the time frame set forth in the Courts Discovery Order (which requires a complete furnishing of all investigative material within 14 days of the Courts Order) and in accord with the court rules, statutes and case law

governing discovery disclosures in federal criminal cases, the United States hereby gives notice that it will not consent to releasing discovery, documents, materials, or "all investigative material" in this case pursuant to the Courts "Open File" Discovery Order.  Rather, the United States will diligently produce discovery in its possession in accordance with the discovery obligations set forth in Fed. R. Crim. P. 16, 18 U.S.C. § 3500 (*Jenks* Act), the rules of production established therein, the landmark decisions of *Brady v. Maryland,* 373 U.S. 83 (1963) and *Kyles v. Whitley,* 514 U.S. 419, 433 (1995), in disclosing exculpatory material within its possession which is material to the issue of guilt or punishment and *Giglio v. United States*, 405 U.S. 150, 154 (1972), as well as Court Rules, statutes, federal case law, and of course any further Order of this Court.  The United States will not be providing discovery on an "open-file" basis, pursuant to the Department of Justice's policy on this issue.

     Furthermore, while the Discovery Order states that the government shall provide, within 7 business days of the date of arraignment, all investigative material in its file and shall complete discovery within 14 days of the date the order was issued, the United States will not conclude the discovery process within 14 days of the date the order was issued.  As is customary in all criminal cases, the United States is hereby providing notice that it intends to investigate, interview

witnesses, and collect any additional evidence throughout the trial process and/or sentencing. The United States will produce promptly any discoverable materials that it obtains throughout the trial process and/or sentencing.

If reports of examination and tests are received by the United States in this case, pursuant to Federal Criminal Procedure Rule 16(a)(1)(F), the United States will provide said reports of examinations and tests as soon as they are received and reviewed by the United States. The United States will also provide to defense a written summary of any expert witness testimony it will seek to present in its case-in-chief, pursuant to Rules 702, 703, and 705 of the Federal Rules of Evidence, describing the expert's opinion, the basis and reasons for those opinions, and the witness's qualifications.

If the case involves confidential informant(s), the United States hereby gives notice, based upon safety concerns of confidential informant(s), that it will not be producing information that would tend to reveal the identity of such an individual (including audio or video recordings), their location or contact information, within the time frame provided by the Courts Discovery Order. However, the United States will be providing in discovery the criminal history and any benefits received by the confidential informant(s). The United States notes that the trial court must balance the need of the defense for information against the value of ensuring the

safety of the informant(s). *United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006). The defendant bears the burden of showing a need for disclosure. *United States v. Decound*, 456 F.3d 996, 1009 (9th Cir. 2006). If the case is not resolved by a plea agreement, the United States will provide the identity of informant(s) and information about them, as well as any audio and/or video recordings involving them, pursuant to *Brady/Giglio* and the Federal Rules of Evidence

If this case involves minor victims and/or witnesses that need to be protected from retaliation or intimidation, the United States shall either redact discovery or promptly request a protective order for disclosure of discovery related to such individuals, pursuant to 18 U.S.C. § 3509.

If this case includes contraband child pornography, the United States will promptly seek a joint "Stipulation re: Computer Forensic Review Procedures for Child Pornography Contraband" to allow for defense review of child pornography images at a government facility, pursuant to 18 U.S.C. § 3509(m).

In alien cases, the United States will be providing defense counsel with access to the Alien Administrative File, aka the "A" file.

Federal Criminal Procedure Rule 16 does not require the disclosure of grand jury transcripts. The United States intends to provide transcripts of testifying witnesses approximately two weeks in advance on any trial in this matter.

**III.    United States Request for Disclosure of Evidence by the Defendant**

The United States hereby requests Defendant to promptly disclose the information and evidence required by Rule 16(b) of the Federal Rules of Criminal Procedure.

The Defendant is charged with an offense(s), the times, dates and places of which are detailed in the Indictment and discovery materials provided by the United States.  Pursuant to Fed. R. Crim.P.12.1, the United States hereby demands notice of alibi.

Lastly, pursuant to Fed. R. Crim.P.12.2(a) and (b), the United States hereby demands notice of any insanity defense or other mental disease, defect, or other condition bearing on whether the Defendant has the mental state required for the offense(s) charged.

DATED this 12th day of December, 2013.

        Michael C. Ormsby
        United States Attorney

        s/Alexander C. Ekstrom
        Alexander C. Ekstrom
        Assistant United States Attorney

1  I hereby certify that on December 12, 2013, I electronically filed the
2
3 foregoing with the Clerk of the Court using the CM/ECF System which will send
4 notification of such filing to the following, and/or I hereby certify that I have
5 mailed by United States Postal Service the document to the following non-
6
7 CM/ECF participant(s): Rick Hoffman.

                    s/ Thomas J. Hanlon
                    Thomas J. Hanlon
                    Assistant United States Attorney
                    United States Attorney's Office
                    402 E. Yakima Ave., Suite 210
                    Yakima, WA  98901
                    (509) 454-4425
                    Fax (509) 249-3297