Rick L. Hoffman
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-13-6070-WFN |
| Plaintiff, | |
| vs. | MOTION FOR DISCOVERY AND PRETRIAL DISCLOSURES |
| KENNETH RICHARD ROWELL, | **Noted With Oral Argument** |
| | **February 24, 2014 at 11:00 a.m.** |
| | **Yakima, Washington** |
| Defendant. | |

TO: MICHAEL C. ORMSBY, UNITED STATES ATTORNEY
ALEXANDER C. EKSTROM, ASSISTANT UNITED STATES ATTORNEY

KENNETH RICHARD ROWELL hereby makes formal demand upon the government to produce discovery and pretrial disclosures, as required by law. This request encompasses, but is not limited to the following:

1. <u>Exculpatory Evidence</u>: Disclosure of any existing exculpatory evidence in accordance with the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Such disclosure also requires the government to reveal any information that would impeach the credibility of any of its witnesses in this case. Subsequent cases applying *Brady* indicate that non-disclosure of evidence impeaching the credibility of a government witness

MOTION FOR DISCOVERY
AND PRETRIAL DISCLOSURES                    1

violates due process. *United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). Also, the *Brady* rule should be interpreted liberally on the side of disclosure. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

In *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the district court noted that appellate standards of review for *Brady* errors are not appropriately applied in the pretrial context. *Id.* at 1198-99. Rather, the court ruled that "*Brady* requires disclosure of exculpatory information that is either admissible or is reasonably likely to lead to admissible evidence." *Id.* at 1200.

Thus, this discovery request includes, but is not limited to, disclosure of the above mentioned discovery materials, as well as the following:

a. <u>Bias of government witnesses</u>. Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his/her testimony. *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

b. <u>Prior record/other acts of government witnesses</u>. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. *See* F.R.E. Rule 608(b) and *Brady*.

c. <u>Investigation of witnesses</u>. Any evidence that any prospective

MOTION FOR DISCOVERY
AND PRETRIAL DISCLOSURES                2

witness is under investigation by federal, state or local authorities for any criminal or official misconduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.).

    d.  <u>Evidence regarding ability to testify</u>. Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *United States v. Butler*, 567 F.2d 885 (9th Cir.1978).

    e.  <u>Personnel files</u>. It is requested that the government review each agent's personnel file for review for information requested in paragraphs a-d above and determine whether there is any impeaching information contained in the files, *see United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). This request encompasses not only law enforcement officials employed by the federal government, but also state and local law enforcement officers who have been involved in the case against the defendant. *See United States v. Fort*, 472 F.3d 1106, 1113 (9th Cir. 2007)(explaining that when local police participate in the investigation of a defendant they are federal "agents").

    f.  <u>Favorable testimony</u>. The name of any witness who made an

arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *James v. Jag*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1975).

    2. <u>Cooperating Witnesses</u>: Disclosure of the identity of any and all cooperating witnesses, co-defendants, persons, or informants, as well as exculpatory evidence pertaining to the cooperating witness, including, but not limited to:

    a. <u>Cooperation agreements</u>. The terms of the witnesses' cooperation agreements, including benefits to the witnesses as well as expectations established for the witnesses and any rules of conduct or instructions given to the witness, be they formal or informal;

    b. <u>Law enforcement agreements</u>. Any agreements entered into between a law enforcement agency and a cooperating witness, even if the agreement does not specifically cover any benefits of cooperation.

    c. <u>Suitability determinations for the witness</u>.

    d. <u>Criminal records</u>: Disclosure of arrest records, criminal conviction records, probations files and any other evidence pertaining to the informant's

and/or cooperating witness' contacts with law enforcement. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

  e. <u>Investigation records</u>: Disclosure of any and all pending or past criminal investigations involving the informant and/or cooperating witness, including but not limited to, any criminal investigation leading to the informant's agreement to work in this case. *United States v. Chitty*, 760 F.2d 425 (2nd Cir. 1985).

  f. <u>Evidence suggesting lack of truthfulness</u>. Disclosure of any and all information known to law enforcement regarding the credibility of the informant and/or cooperating witness whether that information was gained through this investigation or any other investigation that the informant and/or cooperating witness has been involved including but not limited to information regarding prior misconduct by the informant and/or cooperating witness, i.e., refusing to testify or assist the government/state, allegations of entrapment, false statements in criminal investigations, false testimony or information to law enforcement officials and/or in criminal proceeding, and any other acts of misconduct. *United States v. Uramoto*, 638 F.2d 84, 86-87 (9th Cir. 1980).

  g. <u>Testing results</u>. If given a polygraph exam and/or a UA, the results of any such examination and lab result for the UA performed on any

informant and/or cooperating witness as well as concerning the failure of any potential government witness to submit to a polygraph exam or UA.

h. <u>Use of controlled substances</u>. The defense requests any information suggesting the witness's use of controlled substance. *See Benn v. Lambert*, 283 F.3d 1040, 1056 (9th Cir. 2002) (error not to turn over evidence of informant's drug use).

i. <u>Prior testimony</u>. It is requested that the government disclose any and all information regarding any reporting persons', informants', or witnesses' prior testimony in this or any other proceeding in which they have acted as a witness and/or informant, specifically including case names and numbers of any trials or evidentiary hearing at which the informant and/or cooperating witness has testified. *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975).

j. <u>Treatment records</u>. It is requested that the government disclose any and all evidence of the informants' psychiatric treatment, if any, or of any addiction or propensity to use or abuse controlled substances. *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972).

k. <u>Evidence of bias</u>. The defense would request disclosure of any information regarding whether a government witness has any personal

MOTION FOR DISCOVERY
AND PRETRIAL DISCLOSURES                     6

relationships or interests that might cause bias in the witness's testimony.

It is requested that the government be required to affirmatively review any and all law enforcement files for the foregoing information and disclose any and all potentially exculpatory information contained therein, including but not limited to, informant information. This duty arises from the Supreme Court's decision in *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555, 1567 (1995).

3. <u>Statements by Mr. Rowell</u>: Production of any and all relevant statements made by Mr. Rowell which are in the custody or control of the government, the existence of which is known by the government, or the existence of which may become known to the government by the exercise of due diligence, as required under Fed. R. Crim. P. 16(a)(1)(A) and (B). This request includes, but is not limited to, any statements made by Mr. Rowell before or after his arrest whether or not made in response to interrogation by any law enforcement official.

4. <u>Criminal Record</u>: Disclosure of any prior criminal record of Mr. Rowell that is within the government's possession, custody, or control, or the existence of which is known, or which may become known to the government through the exercise of due diligence, as required under Fed. R. Crim. P. 16(a)(1)(D).

5. <u>Recordings, Documents, and Tangible Objects</u>: Disclosure and copies of and access to any photographs, books, papers, documents, tangible objects, buildings or places which either are material to the defense or are intended for use by the government in its case in chief, as well as copies of any audio and video recordings. Fed. R. Crim. P. 16(a)(1)(E). This request includes, but is not limited to, color copies of any photos taken during the course of the investigation, as well as telephonically recorded conversations, body-wire recordings, video recordings, and copies of any recorded buy money used in this investigation.

6. <u>Examinations and Tests</u>: Disclosure of and access to any results or reports of physical or mental examinations or scientific tests or experiments which either are within the possession, custody, or control of the government, the existence of which is known, or the existence of which may become known to the government through the exercise of due diligence, as required under Fed. R. Crim. P. 16(a)(1)(F). This request includes, but is not limited to the chemical analysis report for any controlled substance seized in this matter and the lab test/ results of any fingerprint analysis conducted of the packaging materials of any controlled substances seized in this matter.

7. <u>Expert Reports</u>: Production of the material described under Rule 16(a)(1)(F)and (G) for each and every expert witness the government intends

to use in its case-in-chief at trial. Mr. Rowell would observe that Rule 16(a)(1)(G) requires the government to produce more than merely any conclusions by any and all experts, but also the *basis* of such conclusions. This rule also applies to any witness whose testimony would be based on "specialized knowledge." This may include the testimony of law enforcement officials. *United States v. Figueroa-Lopez*, 125 F.3d 1241 (9th Cir. 1997). This request includes, but is not limited to, those training manuals and/or materials the arresting officers rely on as part of their training in drug investigations and arrests.

    8. <u>Law Enforcement and Prosecution Reports</u>: Production of all arrest reports, investigator notes, memos from investigating officers, sworn statements and prosecution reports which have not already been provided. These reports are available under Fed. R. Crim. P. 16, 26.2, and 12.1; the Jencks Act, 18 U.S.C. §3500, et seq, and *Brady v. Maryland*, 373 U.S. 83 (1963). Again, this request includes, but is not limited to, DEA reports and law enforcement agencies that assisted in this investigations' reports/records generated as a result of the investigation of Mr. Rowell.

    9. <u>Prior Witness Statements</u>: Production of all witness statements as required under the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.

    10. <u>Witness Lists</u>: Production of a list of witnesses that the government

1  intends to call in its case-in-chief as well as a list of witnesses, including

2  contact information, of the percipient witnesses that the government does

3  *not* intend to call at trial. *United States v. Grace*, 526 F.3d 499 (9th Cir. 2008)

4  (en banc); *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

5

6  11. <u>Grand Jury Transcripts</u>: Mr. Rowell requests disclosure of the

7  grand jury transcripts prior to trial, as authorized by FRCrP 6(e)(3)(E).

8  Grand jury transcripts constitute prior witness statements, and thus must be

9  disclosed when a witness testifies at trial or a pretrial proceeding. *See* FRCrP

10  26.2(a)&(f)(3). In order to comply with Rule 26.2, the government will

11  inevitably need to order the grand jury transcripts prior to any trial or

12  evidentiary hearing. Accordingly, given that this is an open file discovery

13  case, Mr. Rowell requests that the government disclose the grand jury

14  transcripts once they become part of the government's file and, in any event,

15  no later than two weeks prior to trial or an applicable evidentiary hearing.

16  12. <u>Disclosure of Evidence under FRE 404(b), 608 and 609</u>: Mr. Rowell

17  requests the government provide counsel not only with potential 404(b), 608

18  and 609 evidence through the discovery process, but also with notice of the

19  government's intent to use such evidence. Defense counsel requests that the

20  government provide the nature of the FRE 404(b), 608, or 609 evidence with

21  sufficient particularity so that it can be identified prior to trial and

MOTION FOR DISCOVERY
AND PRETRIAL DISCLOSURES             10

addressed in appropriate motions *in limine*, outside the presence of the jury. *See* 404(b)(2) (requiring pretrial notification of prior act evidence).

      13.  <u>Timing of Production</u>. It is requested that the court set a schedule for the disclosure of outstanding discovery materials. It is further requested that the government provide all material available pursuant to Fed. R. Crim. P. 26.2, sufficiently in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross examination.

      Dated: January 28, 2014.

Respectfully submitted,

s/Rick L. Hoffman
Rick L. Hoffman, WA 9478
Attorney for KENNETH RICHARD ROWELL
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Rick_Hoffman@fd.org

MOTION FOR DISCOVERY
AND PRETRIAL DISCLOSURES      11

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Alexander C. Ekstrom, Assistant United States Attorney.

s/Rick L. Hoffman