MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
ALEXANDER C. EKSTROM
Assistant United States Attorney
402 East Yakima Avenue, Suite 210
Yakima, WA 98901-2760
(509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO:   CR-13-6070-WFN |
| ) | |
| Plaintiff, ) | GOVERNMENT'S RESPONSE TO |
| ) | DEFENDANT'S MOTION FOR |
| v. ) | DISCOVERY |
| ) | |
| KENNETH RICHARD ROWELL, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, United States of America, by and through MICHAEL C.

ORMSBY, United States Attorney for the Eastern District of Washington, and

ALEXANDER C. EKSTROM, Assistant United States Attorney for the Eastern

District of Washington, responds to the Defendant's Motion for Discovery and Pre-

Trial Disclosures (ECF No. 40) as follows:

1.    <u>Disclosure of Brady Materials</u>:

The Government's disclosure includes all exculpatory evidence known to the

Government.  The Government is unaware at this time of any such evidence not set

forth in the reports.

GOVERMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
DISCOVERY

1

a.    <u>Bias of government witnesses</u>:

The Government is unaware of any evidence that any prospective government witness is biased or prejudiced against the Defendant, or has motive to falsify or distort his/her testimony.

b.    <u>Prior record/other acts of Government witnesses</u>:

The Government is unaware of any prospective witness has engaged in any criminal acts.

c.    <u>Investigation of witnesses</u>:

The Government is unaware that any prospective witness is under investigation by any law enforcement agency.

d.    <u>Evidence regarding ability to testify</u>:

The Government is unaware of any evidence that any prospective witness is impaired in the ability to perceive, remember, communicate or tell the truth.  The Government will determine whether any prospective witness has been treated for any medical or psychiatric condition, and whether any witness has used controlled substances or has been an alcoholic.

e.    <u>Personnel files</u>:

The Government will examine the personnel files of any federal law enforcement witnesses for information with respect to request a-d noted above, and the existence of any impeaching information.  The defendant cites *United States v.*

GOVERMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

*Henthorn*, 931 F.2d 29 (9th Cir. 1991), in requesting that the Government review the personnel files of state and local police officers. (ECF No. 40 at 3). However, *Henthorn* is limited to an examination of personnel files pertaining to federal law enforcement witnesses. *United States v. Henthorn*, 931 F.2d at 29, FN2. The government makes the same requests of state authorities, and has consistently received cooperation with these requests, however the government lacks the authority to compel another sovereign.

Nor does the case support that the AUSA assigned to the case must personally review the records. *United States v. Jennings*, 960 F.2d 1488, 1491-1492 (9th Cir. 1992)(no duty of individual AUSA review), see also *United States v. Dominquez-Villa*, 954 F.2d 562, 565 (9th Cir. 1992)(same). Such a practice could make the government attorney of record a witness in this proceeding. Consistent with *Henthorn*, government personnel, other than the undersigned, will investigate to determine whether any *Brady* and/or *Giglio* material is contained within the employment files of witness-agents only.

f.    Favorable testimony:

The reports provided in discovery contains all evidence and information regarding any witness with or who could testify favorable for the Defendant. The Government is unaware of any witness whose testimony is favorable to the Defendant.

GOVERMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
DISCOVERY

3

2.    Identity of Cooperating Witnesses, Co-defendants, Persons, or Informants:

The Government is entitled to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  This entitlement, generally referred to as the informer's privilege, is, however, subject to certain limits requiring disclosure.  In *Roviaro* the Supreme Court held that disclosure is required where the disclosure of an informer's identity is mandated by the fundamental requirements of fairness.  Where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the informer's privilege must give way.  *Id*. at 60-61.

In this matter, there was an informant, should the Government choose to call the informant as a witness in its case-in-chief, the Government will provide information regarding the informant, including impeachment material, two weeks in advance of trial.  The Government would object to item i., as not supported by circuit law.

3.    Production of Statements of Defendant:

The circumstances and content of any statement(s) made by the Defendant are contained in the discovery previously provided to the Defendant.

GOVERMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
DISCOVERY

4

4.    <u>Disclosure of Defendant's Criminal History</u>:

The Government believes that the defendant's criminal history is correctly listed in the Pre-Trial Services Report.

5.    <u>Disclosure of Tangible Objects</u>:

Any evidence seized in connection with this case is currently in the possession of the Tri-City Metro Drug Task Force and/or the Drug enforcement Agency, and may be examined and copied by contacting Task Force Detective Kevin Barton.   Video records of the Defendant during the offense have previously been provided, and copies of the recorded buy funds have been requested.

6.    <u>Disclosure of Reports of Examinations and Tests</u>:

The reports of any examinations or test performed were provided as part of the discovery provided the Defendant.  Any additional reports will be provided as received.

7.    <u>Expert Witnesses</u>:

The Government shall provide a summary of qualifications and Rule 16 Summary for any expert to be called as a witness prior to trial.  As to the request for training manuals, the request is vague, and should be denied absent clarification and provision of some particularized basis for the request.

GOVERMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
DISCOVERY

8.    <u>Production of Reports</u>:

All reports prepared in connection with this matter have been provided as part of the discovery, with the exception of reports that would reveal the identity of the informant.  Any additional reports received will be provided as discovery, or as indicated above.  The Government will not provide officer's notes or memorandum, or draft reports, as such are not required under the applicable rules.

9.    <u>Production of Statements</u>:

The Government shall provide any witness statements not previously provided in the discovery as required by Federal Rule of Criminal Procedure 26.2.

10.    <u>Witness Lists</u>:

While not entirely clear, it appears the Defendant is requesting a general witness list.  (ECF No. 40, pg. 10).  The names of witnesses are contained in the discovery previously provided to the Defendant. No discovery rule or statute requires the requested  information be provided or access given to such persons.  In a non-capital case the Defendant has no right to discover the names and addresses of prospective government witnesses prior to trial.  *United States v. Steel*, 759 F.2d 706, 709 (9th Cir. 1985).  Thus, a defendant has no general right to a list of witnesses or the witnesses addresses from the Government.  *United States v. Dreitzler*, 577 F.2d 539 (9th Cir. 1978), *cert denied*, 440 U.S. 921 (1979); *Yeargain v. United States*, 314 F.2d 881 (9th Cir. 1963).  *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008)(en

1   banc), it is the exception that proves the rule below of the Jencks Act. *W.R. Grace*

2   dealt with a District Court's order requiring production of a witness list where the

3   district court, recognizing the magnitude of the case - with a relevant time period

4   spanning nearly 30 years and potentially more than a thousand victims - held a pretrial

5   case management conference in March 2005 and thereafter entered a case

6   management order memorializing the results of the conference. *Id.* at 503. While,

7   under its inherent powers, the District Court may in appropriate circumstances, order

8   the production of a witness list, this case is not *W.R. Grace*. *Id.* at 513. This is

9

10  particularly true where no particularized showing has been made for the need of such

11  production. The reports are clear as who are the percipient witnesses in this single-

12  count indictment. To require disclosure of the names of potential Government

13  witnesses would give little, if any, meaning to the Jencks Act (18 U.S.C. Section

14  3500), the purpose of which is, in part, to protect witnesses from harm or influence

15  and inconvenience.

16

17          If the Defendant cites to *Cadet* for the proposition that the Government, having

18  provided known exculpatory evidence, has the duty to prepare a list of percipient

19  witnesses that it intends not to call at trial (a sort of inverse witness list), he misreads

20  the case. (ECF No. 40 at 10, *citing United States v. Cadet*, 727 F.2d 1453, 1469 (9th

21  Cir. 1984)). It is clear in context that the issue was, given the Government's limited

22  disclosure of witnesses in *Cadet,* whether there was an obligation for the Government

GOVERMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
DISCOVERY

to disclose names of known percipient witnesses and their contact information so that the Defense could interview them and determine whether they had favorable testimony.  *Cadet*, 727 F.2d at 1469.  This is the meaning of *Cadet*; it does not create a duty of a party to generate a list of witnesses previously disclosed that a party does not intend to call.  *United States v. Wright*, 625 F.3d 583, 616 (9th Cir. 2010)(in...*Cadet*...we held that the government is required to identify witnesses to the crime whose testimony may be exculpatory.  It was in that context that we observed that [b]oth sides have an equal right, and should have an equal opportunity, to interview [such witnesses] )(*citing to Cadet*, 727 F.2d at 1469).

11.    <u>Grand Jury Transcripts</u>:

The Defendant seeks an order compelling the pretrial production of transcripts of the testimony of witnesses offered by the Government before the Grand Jury, arguing without authority that, because they would need to be ordered before trial to be available when needed, that the transcripts should be disclosed when created. (ECF No. 22 at 10).  The applicable statutes and rules are 18 U.S.C. Section 3500 and F.R.C.P. 6 and 26.2.  No statement of any government witness or prospective witness shall be subject to subpoena, inspection or discovery until such witness has testified on direct examination in the trial of the case.  18 U.S.C. Section 3500(a).  As defined, statement includes a statement made by the witness to a grand jury. 18 U.S.C. Section 3500(e)(3).  After a witness has testified on direct examination, the court, on motion

GOVERMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

of a party, shall order the production of any statement of a witness in the government's possession which relates to the subject matter concerning which the witness has testified.  F.R.C.P. 26.2(a).  The definition of a statement in this rule mirrors that of 18 U.S.C. 3500(e)(3) as noted above. See: F.R.C.P. 26.2(f)(3).

F.R.C.P. 6(e) addresses disclosure of Grand Jury information, and specifically, disclosure upon the request of a criminal defendant.  Such disclosure shall be made upon a showing that grounds may exist to dismiss the indictment because of a matter that occurred before the grand jury.  F.R.C.P. 6(e)(3)(E)(ii).  The defendant has made no showing sufficient to meet the requirements of the rule.

The Government would suggest that nothing the defendant asserts in fact provides authority for the Court to order the requested discovery, which is clearly contrary to the applicable provisions of the statutes and rules.  The provisions of F.R.C.P. 16 limit discovery of certain materials, and specifically excludes statements of government witnesses (except as provided for in 18 U.S.C. Section 3500) and the recorded proceedings of the Grand Jury.  Amendment VI of the United States Constitution establishes the defendant's right to a speedy, public trial, to be informed of the nature and cause of the accusation, have the assistance of counsel and to confront the witnesses against him.  It does not, however, address the issue of discovery.  It clearly provides no support for the defendant's motion.

GOVERMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
DISCOVERY

The Government has no objection to the motion, to the extent it asks for production a week prior to trial.  While not required by the rule, in the interest of expediting the trial process, the Government has no objection to providing such transcripts a week prior to trial.

12. <u>FRE 404(b) & 609</u>:

a. <u>Admission of FRE 404(b) Evidence</u>:

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs or acts by an accused or party are admissible to prove intent, knowledge, absence of mistake, motive, plan, common scheme, or design, opportunity, or other legitimate purpose.

The 9th Circuit has routinely acknowledged that this "rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  Accordingly, 404(b) evidence is admissible "except where it tends to prove only criminal disposition." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977).  The 9th Circuit has recognized a four-part test for admission of 404(b) evidence, as follows:

> (1) the evidence tends to prove a material issue in the case;
> (2) the prior act is not too remote in time;
> (3) the evidence is sufficient to support a finding that the defendant committed the other act; and
> (4)in certain instances, the act(s) must be similar to the offense charged.

*United States v. Mayans*, 17 F.3d 1174 at 1181 (9th Cir. 1995). If these factors are satisfied, then the court must conduct a 403 balancing test to determine whether the probative value of the evidence outweighs its prejudicial impact. *United States v. Basinger*, 60 F.3d 1400, 1404-1408 (9th cir. 1995).

The Government believes that the Defendant's criminal history is correctly set forth in the Pretrial Services Report (ECF No. 13). The Government is currently unaware of any evidence that it would seek to offer under the rule. The Government would reserve its right to supplement this response should any information come to light.

      b.   <u>Admission of FRE 609 Evidence:</u>

Rule 609(a)(1) provides in pertinent part, "evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." The Ninth Circuit has outlined five factors that should guide the district court's decision whether to admit evidence under Rule 609(a)(1):

    1. the impeachment value of the prior crime

    2. the point in time of the conviction and the witness' subsequent history

    3. the similarity between the past crime and the charged crime

    4. the importance of the defendant's testimony

GOVERMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

5. the centrality of the credibility issue

See *United States v. Cook*, 608 F.2d 1175, 1185 n. 8 (9th Cir. 1979)(*en banc*); *see also United States v. Wallace*, 848 F.2d 1464, 1473 n. 12 (9th Cir. 1988). Although the trial judge is not required to state his or her analysis of each of the five factors with special precision, "the record should reveal, at a minimum, that the trial judge 'was aware of the requirements of Rule 609(a)(1).' " *Wallace*, 848 F.2d at 1473 (quoting *United States v. Givens*, 767 F.2d 574, 579-80 (9th Cir. 1985)).

The Government hereby provides notice under the rule of the following convictions, which are listed in the Pretrial Services Report:

1) Second Degree Possession Of Stolen Property – Trafficking  - Benton County Cause Number 10-1-00102-0

The Government is currently unaware of any additional evidence that it would seek to offer under the rule.  The Government reserves its right to supplement this response if additional criminal history is found.

13. Timing of Production:

The Defendant has been provided with all discoverable materials as authorized by court order, Federal Rules of Procedure, local court rules and the Constitution, including but not limited to specific items requested in the motion.  The Government will furnish additional items of discovery if and when they are received.

GOVERMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
DISCOVERY

1   If the Defendant believes that required disclosures have not been made, the Defendant

2   should be required to direct his discovery requests to those specific areas about which

3   he is concerned or believes the Government has not complied.

4
                            REQUEST FOR RECIPROCAL DISCOVERY
5

6          The Defendant has invoked Fed. R. of Crim. P. 16(a) in his motion for

7   discovery.  Since the government has voluntarily complied with the requirements of

8   that rule, the government demands reciprocal discovery from the defendant pursuant

9   to the provisions of Fed. R. of Crim. P. 16(b).  The government further requests timely

10

11  disclosure and production of said evidence to enable the government to adequately

12  prepare a rebuttal to the defendant's case-in-chief.

13
           Respectfully submitted this 4th day of February, 2014.
14

15

16

17                        MICHAEL C. ORMSBY
                          United States Attorney
18

19                        S/ Alexander C. Ekstrom
                          ALEXANDER C. EKSTROM
20                        Assistant U.S. Attorney

21

22

23

24

25

26

27  GOVERMENT'S RESPONSE TO
    DEFENDANT'S MOTION FOR
28  DISCOVERY
                                            13

1
2
3  I hereby certify that on February 4, 2014, I electronically filed the foregoing with the

4  Clerk of the Court using the CM/ECF System which will send notification of such

5  filing to the following: Rick L. Hoffman.

6
7
8                              s/ Alexander C. Ekstrom
                             ALEXANDER C. EKSTROM
9                             Assistant United States Attorney
                             United States Attorneys Office
10                            402 E. Yakima Ave., Suite 210
                             Yakima, WA    98901
11                            (509) 454-4425
                             Fax (509) 249-3297
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  GOVERMENT'S RESPONSE TO
    DEFENDANT'S MOTION FOR
28  DISCOVERY
                                          14