MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
ALEXANDER C. EKSTROM
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 24 2014

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KENNETH RICHARD ROWELL,

Defendant.

NO: CR-13-6070-WFN

PLEA AGREEMENT

Fed. R. Crim. P. 11(c)(1)(C)

Plaintiff United States of America, by and through Michael C. Ormsby, United States Attorney, and Alexander C. Ekstrom, Assistant United States Attorney, for the Eastern District of Washington, and Defendant, Kenneth Richard Rowell, and the Defendant's counsel, Rick L. Hoffman, agree to the following Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C):

1.    Guilty Plea and Maximum Statutory Penalties:

The Defendant, Kenneth Richard Rowell, agrees to plead guilty to Count 1 of the Indictment, filed on December 10, 2013, charging the Defendant with Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). The Defendant understands that the maximum penalty for Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), with notice of his prior felony drug offense having been filed, is a minimum term of imprisonment of 10 years and a maximum term of life in prison; a fine of $10,000,000; or both; a term of supervised release of not

PLEA AGREEMENT - 1

less than 5 years; denial of certain federal benefits pursuant to 21 U.S.C. § 862 and § 862(a), and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.  The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the Government and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to and including the statutory maximums stated in this plea agreement.

The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the Government may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. Defendant further understands that he will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

3.  Waiver of Constitutional Rights:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

PLEA AGREEMENT - 2

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), the United States would have to prove beyond a reasonable doubt the following elements:

First, that on or about April 11, 2013, the defendant knowingly distributed methamphetamine; and

Second, the defendant knew that it was methamphetamine or some other prohibited drug; and

Third, that the quantity of methamphetamine distributed was at least 5 grams of actual methamphetamine.

9th Cir. Crim. Jury Instr. 9.18 (2010) (modified).

5. Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for the Defendant's guilty plea. Not all of the following facts are the result of the Defendant's personal knowledge; some are the result of the review of police reports and other material by the Defendant.

On April 11, 2013, a confidential source (hereinafter CS) working with the Tri-City Metro Drug Task Force conducted a controlled purchase of methamphetamine from an individual positively identified by the CS as the Defendant, Kenneth Richard Rowell, in Benton County, in the

PLEA AGREEMENT - 3

Eastern District of Washington. The CS was searched before and after the transaction, and was found to be free of drugs, money or contraband. The CS was surveilled to and from the buy location, where the CS was observed meeting with the Defendant and getting into his vehicle. The CS provided the Defendant with the previously issued pre-recorded buy funds in exchange for purported methamphetamine. At the conclusion of the transaction, the CS provided officers with the purported methamphetamine, which tested presumptively positive for the presence of methamphetamine. The DEA laboratory testing resulted in a determination that the item contained 25.9 grams of a mixture and substance containing methamphetamine, with a purity of 95.1%, and 24.6 grams of actual methamphetamine.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6. Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed.R.Crim.P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

7. The United States Agrees:

(a.) Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the

PLEA AGREEMENT - 4

time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the original Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter U.S.S.G.) are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing after consideration of the Presentence Investigation Report, the advisory guideline range and the factors set forth in 18 U.S.C. 3553(a).

(a.) Base Offense Level:

The United States and the Defendant are free to argue the base offense level and any specific characteristics or adjustments they believe apply to Count 1.

(b.) Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement and provided a signed copy of the same to the Court no later than February 17, 2014; and enters a plea of guilty no later than February 24, 2014, the United States will move for a two (2) or three (3) level downward adjustment in the offense level, for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) or three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

PLEA AGREEMENT - 5

(c.) Criminal History:

The United States and the Defendant make no representation as to the defendant's criminal history.

9. Departures:

The United States and the Defendant are both free to argue aggravating or mitigating factors with respect to the correct calculation of the Sentencing Guidelines.

10. Incarceration:

(a.) Length of Imprisonment:

The United States and the Defendant will jointly recommend a sentence of 120 months.

11. Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a term of supervised release of five years, and to include the special conditions as recommended by United States Probation, in addition to the standard conditions of supervised release. The Defendant reserves the right to challenge any condition that it does not believe complies with 18 U.S.C. § 3583(d)(1), (2), or (3).

13. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

PLEA AGREEMENT - 6

14. Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons Inmate Financial Responsibility Program.

15. Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

16. Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

//

//

17. Appeal Rights:

In return for the concessions as set out in this agreement, the Defendant expressly waives his right to appeal, either directly or collaterally, the acceptance of the guilty plea and/or the sentence imposed so long as the sentence is no greater than 120 months. The Defendant further expressly waives his right to file any post-conviction motion under 28 U.S.C. § 2255, attacking his conviction

PLEA AGREEMENT - 7

or sentence, except an appeal based on ineffective assistance of counsel based on information received after sentencing in this matter.

18. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Michael C. Ormsby
United States Attorney

_____     February 24, 2014
Alexander C. Ekstrom                February 7, 2014
Assistant U.S. Attorney             Date

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights. I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

PLEA AGREEMENT - 8

_____  2/10/14
Kenneth Richard Rowell        Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  2/10/14
Rick L. Hoffman               Date
Attorney for the Defendant

PLEA AGREEMENT - 9