Rick L. Hoffman
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for Defendant
KENNETH RICHARD ROWELL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KENNETH RICHARD ROWELL, ) <br> ) <br> Defendant. ) <br> ) | CR-13-6070-WFN <br><br> DEFENDANT'S <br> SENTENCING MEMORANDUM |

TO:   MICHAEL C. ORMSBY, UNITED STATES ATTORNEY
      ALEXANDER C. EKSTROM, ASSISTANT UNITED STATES ATTORNEY

KENNETH RICHARD ROWELL, by and through his attorney, RICK L. HOFFMAN of the Federal Defenders of Eastern Washington and Idaho, hereby submits the following sentencing memorandum:

## I.  Status of the Case

On December 2, 2013, a criminal complaint was filed charging Mr. Rowell with violation of 21 U.S.C. § 841(a)(1) and an arrest warrant was issued.  Mr. Rowell was arrested on December 4, 2013, and made an initial appearance that same day.  A detention hearing was heard on December 9,

DEFENDANT'S
SENTENCING MEMORANDUM

1

2013, with the court granting the government's motion for detention. Mr. Rowell has remained in custody throughout the pendency of this matter. An indictment was filed on December 10, 2013, charging Mr. Rowell with Distribution of a Controlled Substance - Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Mr. Rowell was arraigned on this charge on December 11, 2013, and a not guilty plea was entered. On December 16, 2013, the government filed a notice pursuant to 21 U.S.C. § 851, providing notice of a prior criminal conviction applicable to sentencing in the instant offense. Mr. Rowell appeared before the court on February 24, 2014, and entered a plea of guilty to the one count indictment, with the benefit of a written plea agreement pursuant to Fed. R. Crim. Proc. 11(c)(1)(C). Sentencing is scheduled for Monday, May 19, 2014, at 10:00 a..m., before the Honorable Wm. Fremming Nielsen, in Yakima, Washington.

## II. Objections to Presentence Investigation Report

Mr. Rowell hereby submits the following objections to the presentence investigation report:

1. <u>Page 2, Social Security No.</u>: Mr. Rowell denies that he has used any false or fictitious social security numbers.

2. <u>Page 2, Aliases/A.K.A.</u>: Mr. Rowell denies that he has used any

DEFENDANT'S
SENTENCING MEMORANDUM
2

aliases or A.K.A.s.

    3.    <u>Page 11, ¶ 54 - 57</u>: Mr. Rowell admits that this conviction is reflected on his criminal history record. However, at the time this accusation was registered, he was 11 years of age. At that time, his parents spoke to an attorney on his behalf and arranged a disposition. The attorney did not talk to Mr. Rowell concerning his legal rights, did not talk to Mr. Rowell regarding the facts of the charge and did not talk to Mr. Rowell to explain his options for resolution of the case. Mr. Rowell never was consulted regarding the disposition and did not consent to the disposition. He never appeared in court to assent to the disposition and never appeared before a judicial officer or judge.

While this "conviction" does not impact or contribute to a criminal history calculation, it does have potential prejudicial consequences to Mr. Rowell as it will be considered in such decisions as BOP designation, placement, eligibility for treatment or educational and vocational programs and release issues involving eligibility for half-way housing and the like. "Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." U.S.S.G § 4A1.2; *United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir. 1998). An uncounseled

DEFENDANT'S
SENTENCING MEMORANDUM

3

conviction is constitutionally invalid.  A conviction based upon a circumstance where an 11 year old boy is "represented" by counsel who never consults with him, never explains the circumstances and consequences of the proceeding is not adequate, is ineffective and is the same thing as uncounseled.  Such a conviction included in a presentence investigation report is prejudicial and should be withdrawn from the PSIR.

### III.  Motion for Variance

Mr. Rowell respectfully requests that the Court entertain and apply a variance in the calculation of the sentencing guideline calculations to reflect a 2 level reduction of the offense level based upon the 03/13/2014 Department of Justice, Attorney General Holder memo endorsing a lowering by two levels of the base offense level of drug quantities.

### IV. Sentencing Calculations

Mr. Rowell suggests that, based upon a variance, the total offense level herein is 25, the criminal history category is VI and the advisory sentencing guideline range is 110 to 137 months and carries with it a mandatory minimum of 120 months.

### V.  Sentencing Factors under 18 U.S.C. § 3553(a)

In imposing a sentence, the Court must consider the following factors

DEFENDANT'S
SENTENCING MEMORANDUM

under 18 U.S.C. § 3553(a):

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed –

     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

     (B) to afford adequate deterrence to criminal conduct;

     (C) to protect the public from further crimes of the defendant; and

     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the advisory guideline range;

   (5) any pertinent policy statements issued by the Sentencing Commission;

   (6) the need to avoid unwarranted sentencing disparities;

   (7) the need to provide restitution.

After an accurate calculation of the sentencing guideline range, the statute suggests a full examination of the factors to be considered in arriving

DEFENDANT'S
SENTENCING MEMORANDUM

at a proper sentence.  The court should initially consider the nature and circumstances of this offense and of Mr. Rowell, followed by the availability of particular sentences and the advisory guideline range.

1. **The nature and circumstances of the offense and history and characteristics of the defendant.**

The use of, abuse of and sale of drugs is serious, is a drain on the community and of concern to courts as well as the public.  While Mr. Rowell did not sell large amounts of controlled substances, as a result of his own use and abuse issues, he did engage in the sale of small, personal amounts.  Large or small, the sale of these substances cannot be condoned or excused.  Mr. Rowell is aware of the seriousness of his offense, he accepts responsibility for his actions and is prepared for the consequences.

Mr. Rowell was raised in a close, loving family unit, experienced what he describes as a normal childhood and continues to have the support of his parents and siblings.  Mr. Rowell suffers from a learning disability that caused significant issues for him in school.  As a result of his disability, he had difficulties with reading and writing in school which led to his dropping out of high school prior to graduation.

DEFENDANT'S
SENTENCING MEMORANDUM

In spite of not graduating from high school and suffering significant learning disabilities, Mr. Rowell has obtained his GED and also has had an impressive work history. He has worked in the tool and recycling industries and has operated his own businesses in recycling and auctioneering. While actually running the businesses came to Mr. Rowell quite easily, the financial end of the businesses was difficult for him and he had to rely on bookkeepers and accountants, at times without fully knowing the exact level or extent of his finances.

Mr. Rowell has never been married but is the father of three daughters. He is close to two of his daughters and has relinquished his parental rights to the other. Mr. Rowell and Ms. Pickard, the mother of his two daughters, had a long term relationship that was argumentative and disruptive. It also was impacted by Mr. Rowell's abuse of drugs.

Mr. Rowell has had a long standing drug problem. He initially began using drugs to mask his problems at school and to be "accepted" by classmates who also were using. His use eventually extended to him using to help him cope with periodic difficulties in his life. Difficulty in his relationship with Ms. Pickard. Difficulties with the financial aspects of his businesses. Also, stressful life occurrences which were triggering events that

DEFENDANT'S
SENTENCING MEMORANDUM

7

seemed to be made "better" with the use of drugs. Mr. Rowell clearly understands the dire circumstances he has gotten himself into and recognizes the need to learn to deal with the problem rather than defaulting to the solution of drug use.

### 2. **The need to protect the public**.

Clearly, this crime is serious. A term of incarceration as proposed to the Court will impress upon Mr. Rowell the need to be crime free in the future, which will allow him to pursue his personal goals. The sentence proposed herein is a significant period of time and significantly longer than any period of incarceration previously served by Mr. Rowell. With supervision following his incarceration, treatment and the support of family, Mr. Rowell will not be a danger to the community in the future.

### 3. **The need for deterrence**.

This court must not only consider the need to deter Mr. Rowell from committing future crimes but should also consider the impact of a sentence herein on others in the community. A sentence of incarceration in this matter is a just result and will sufficiently achieve the goals of deterring not only Mr. Rowell, but also will deter members of the public.

### 4. **The need for the sentence imposed to provide the defendant with training, care or treatment in the most effective manner.**

DEFENDANT'S
SENTENCING MEMORANDUM

8

Mr. Rowell would benefit from substance abuse treatment. He is interested in pursuing any treatment modality for which he may be eligible.

5. **The kinds of sentences available**.

Incarceration is the only available sentence in this matter.

6. **The advisory sentencing guidelines**.

Mr. Rowell believes the advisory sentencing guideline range as applied to his case is 110 to 137 months.

## VI.  CONCLUSION

This Court is required to impose a sentence in this matter that is sufficient but not greater than necessary to carry out the goals of sentencing. 18 U.S.C. § 3553. Based upon the circumstances of this charge, the mandatory minimum sentence, the factors enumerated in 18 U.S.C. § 3553(a), and considering the plea agreement pursuant to F.R.Cr.P. 11(c)(1)(C), Mr. Rowell requests that the Court impose a sentence of 120 months.

//
//
//
//
//
//

DEFENDANT'S
SENTENCING MEMORANDUM

Dated: April 24, 2014.

Respectfully submitted,

<u>s/Rick L. Hoffman</u>
Rick L. Hoffman, 9478
Attorney for KENNETH RICHARD ROWELL
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Rick_Hoffman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2014, I electronically filed the Defendant's Sentencing Memorandum with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Alexander C. Ekstrom, Assistant United States Attorney.

<u>s/Rick L. Hoffman</u>
Rick L. Hoffman, WA 9478

DEFENDANT'S SENTENCING MEMORANDUM

10