MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
ALEXANDER C. EKSTROM
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH RICHARD ROWELL,<br><br>Defendant. | NO: CR-13-6070-EFS<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Alexander C. Ekstrom, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following sentencing memorandum:

I.  BASE OFFENSE LEVEL AND ENHANCEMENTS

Federal Probation calculates the Defendant's Base Offense Level as 28, pursuant to U.S.S.G. § 2D1.1(c)(6). Federal Probation indicates that two levels are added because the Defendant possessed a firearm during the "course of relevant conduct," here drug dealing that continued for six months after the charged offense, pursuant to U.S.S.G. § 2D1.1(b)(1). Federal Probation indicates that acceptance of responsibility applies. Federal Probation calculates the Total Offense Level as 27, the Criminal History Category as IV, and the Guideline Sentencing Range as 130 to 162 months. Pursuant to Department of Justice Policy, the Government recommends an additional two level reduction in the offense level, resulting in an offense level of 25, a Criminal History Category of IV, and a Guideline Sentencing Range of 110-137 months. The Government otherwise agrees with the calculations of United States

Government's Sentencing Memorandum
1

Probation, and stands by its recommendation pursuant to the plea agreement, of a sentence of 120 months.

## II.  DEPARTURES

This matter was resolved with a Plea Agreement, allowing both parties to argue aggravating or mitigating factors with respect to the correct calculation of the Sentencing Guidelines.  The Government concurs with the position of United States Probation, that an agreement under Rule 11(c)(1)(C) may support a departure, (ECF No. 48, pg. 35, paragraphs 248-49)  however, based on the Government's motion for an additional two-point reduction, a departure is not necessary.

## III.  SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In sentencing the defendant, this Court is no longer bound by the Guidelines as mandatory, but should treat them as advisory, and must still consider, consult, and take into account the Guidelines when sentencing the defendant.  *United States v. Booker*, 125 S.Ct. 738, 767 (2005).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a).  The Court is directed to impose a sentence sufficient but not greater than necessary to comply with the purposes of punishment for the offenses of conviction.  18 U.S.C. § 3553(a)(2)(A).

1. <u>The nature and circumstances of the offense and the history and characteristics of the defendant</u>.

The Defendant has an atrocious criminal history.  (ECF No. 48, pgs. 11-23, paragraphs 54-168).  These convictions include weapons and drug offenses, and an unlawful imprisonment conviction that, based on the factual recitation, could arguable have been charged as multiple more serious offenses.  *Id*.

This is, however, the Defendant's first federal prosecution.  He has expeditiously entered a plea of guilty and accepted responsibility for his actions.  Given this fact, a sentence of 120 months is appropriate.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>.

Distribution of any controlled substance is a serious offense.  The direct and collateral effects of drug dealing, in particular where the substance dealt is

Government's Sentencing Memorandum

2

methamphetamine, needs no further comment. The Defendant's actions show a complete lack of respect for the law. His offense behavior and past offenses show a disturbing propensity toward violence. A sentence of 120 months is warranted.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>.

The sentence should convey to the Defendant the seriousness of the offense and provide warning of the escalating sanctions that will occur if he engages in similar behavior after being released from incarceration. While a prior sentence of 33 months was ineffective, one can reasonably hope that this sentence, combined with supervised release, and the knowledge that similar subsequent offenses carry with them the potential for even greater imprisonment, will deter this defendant.

4. <u>The need for the sentence imposed to protect the public from further crimes of the defendant</u>.

The defendant poses a risk to public safety: his offense has collateral consequences in the community well past the simple act of distribution. The need for public safety dictates a significant sentence, and a sentence of 120 months will sufficiently protect the public.

5. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>.

The Defendant has admitted to a substance abuse problem with methamphetamine. He will have resources to address this problem while incarcerated if he decides to take advantage of the opportunity. These programs are best suited for the Defendant in a secure facility, as the Defendant poses a clear and present risk to the public if out of custody and left to address the problem on his own while in the community.

6. <u>The kinds of sentences available</u>.

The defendant is subject to a sentence involving a term of imprisonment, and no other options are available.

7. <u>The kind of sentence contemplated by the Sentencing Guidelines</u>.

Government's Sentencing Memorandum

3

The Sentencing Guidelines contemplates a term of imprisonment of 110 to 137 months, by the Government's calculation.

8. <u>Any pertinent policy statements issued by the Sentencing Commission</u>.

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>.

A sentence of 120 months will avoid any unwarranted disparity among similarly situated defendants, when considering the history and characteristics of the Defendant, balancing the above listed factors.

IV. GOVERNMENT'S SENTENCING RECOMMENDATION

For the reasons set forth, the Government requests the Court impose a sentence of 120 months.

Respectfully submitted this 25th day of April, 2014

MICHAEL C. ORMSBY
United States Attorney

s/Alexander C. Ekstrom
ALEXANDER C. EKSTROM
Assistant United States Attorney

Government's Sentencing Memorandum

4

I hereby certify that on April 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Rick Lee Hoffman.

s/ Alexander C. Ekstrom
Alexander C. Ekstrom
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
