MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
ALEXANDER C. EKSTROM
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KENNETH RICHARD ROWELL,<br><br>　　　　　Defendant. | NO: CR-13-6070-WFN<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |

　　　Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Alexander C. Ekstrom, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following response to the Defendant's sentencing memorandum (ECF No. 49) as follows:

　　　I.　　　DEFENDANT'S OBJECTIONS

　　　1. <u>Page 2, Social Security Number</u>:

　　　The Defendant denies using "false or fictitious" social security numbers. (ECF No. 49, pg. 2). The Government believes that United States Probation has received these alternate social security numbers from court records and thus that they should be included as an alternative means of identification in a public record. Further, their inclusion does not necessarily connote malicious use by the Defendant.

Government's Sentencing Response Memorandum

1

2. <u>Page 2, Aliases/A.K.A.</u>:

The Defendant denies using "any aliases or A.K.A.s." (ECF No. 49, pg. 2-3). As above, the Government believes that United States Probation has received these alternate identifiers from court records and thus that they should be included as an alternative means of identification in a public record. Again, their inclusion does not necessarily connote malicious use by the Defendant.

3. <u>Page 22, Paragraph 54-57, Conviction for First Degree Sodomy</u>:

The Defendant does not contend that he did not have an attorney for this charge, but rather alleges a failure of his attorney to communicate with him. While the Defendant cites to *Allen*, therein the Court discusses the "presumption of regularity" of a conviction used to enhance a sentence, and the Defendant's burden to make present evidence by a preponderance of evidence of the conviction's invalidity in this context. *United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir. 1998). Even if the conviction was assigned criminal history points, and even if the Defendant supported his assertion with an affidavit, the Government would submit that he would not be able to overcome this bar. There is no reason to remove this crime from the PSIR.

II.   GOVERNMENT'S SENTENCING RECOMMENDATION

Consistent with the plea agreement, the Government requests the Court impose a sentence of 120 months.

Respectfully submitted this 29th day of April, 2014

        MICHAEL C. ORMSBY
        United States Attorney

        s/Alexander C. Ekstrom
        ALEXANDER C. EKSTROM
        Assistant United States Attorney

Government's Sentencing Response Memorandum

1
2
3
4
5
6
7
8
9
10    I hereby certify that on April 29, 2014, I electronically filed the foregoing with
11 the Clerk of the Court using the CM/ECF System which will send notification of such
12 filing to the following: Rick Lee Hoffman.
13
14
                                    s/ Alexander C. Ekstrom
15                                  Alexander C. Ekstrom
                                    Assistant United States Attorney
16                                  United States Attorney's Office
                                    402 E. Yakima Ave., Suite 210
17                                  Yakima, WA 98901
                                    (509) 454-4425
18
19
20
21
22
23
24
25
26
27
28 Government's Sentencing Response Memorandum
                                    3